UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES,

   -v-                                                             No. 24-CR-610-LTS

PETER HARDIE,

        Defendant.

-------------------------------------------------------x

ORDER
ISSUED PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 5(F)

      The parties are directed, pursuant to Federal Rule of Criminal Procedure 5(f) as amended by the Due Process Protections Act of 2020, to take notice of the following:

      Brady v. Maryland, 373 U.S. 83 (1963), and the decisions that have built upon it establish that, in order to assure protection of the defendant's constitutional rights to due process and a fair trial, the prosecution (i.e., the Government) has an affirmative duty to seek out and provide to the defense all material evidence that is favorable to the accused and that is known to the Government or to federal, state, and local law enforcement personnel and officers who are or have been involved in the investigation or prosecution of the case.  Strickler v. Greene, 527 U.S. 263, 280-81 (1999); Kyles v. Whitley, 514 U.S. 419, 437 (1995).  Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  U.S. v. Bagley, 473 U.S. 667, 682 (1985).  Because this is a backward-looking standard, a "prudent prosecutor will resolve doubtful questions in favor of disclosure." United States v. Agurs, 427 U.S. 97, 108 (1976).

This duty applies to evidence that affirmatively tends to exculpate the defendant, as well as information that impeaches the credibility of the Government's witnesses, Bagley, 473 U.S. at 676–77 (citing Giglio v. United States, 405 U.S. 150, 154 (1972)), at both the guilt and sentencing phases. Brady, 373 U.S. at 88. Even inadmissible evidence may be material if it could lead to the discovery of admissible evidence. U.S. v. Mahaffy, 693 F.3d 113, 131 (2d Cir. 2012).

The Government must disclose such evidence to the defense promptly after its existence becomes known to the Government, so as to enable the defense to have an opportunity to make effective use of the evidence in preparing its case and at trial, including a reasonable opportunity to investigate the information. U.S. v. Coppa, 267 F.3d 132, 135 (2d. Cir. 2001); Grant v. Alldredge, 498 F.2d 376, 382 & n.7 (2d Cir. 1974). This is a continuing obligation and applies to materials that become known to the Government in the future. Additionally, if information is otherwise subject to disclosure, it must be disclosed regardless of whether the Government credits it. See U.S. v. Rittweger, 524 F.3d 171, 181 (2d Cir. 2008). As used here, the term "Government" includes all federal state, and local law enforcement officers and other officials who have participated in the investigation and prosecution of the offense or offenses with which the defendant is charged.

In the context of a guilty plea, Brady evidence is material where there is a reasonable probability that, but for the failure to produce such information, the defendant would not have entered the plea but instead would have insisted on going to trial. Tate v. Wood, 963 F.2d 20, 24 (2d Cir. 1992). However, the Government is not required to disclose impeachment material prior to a guilty plea. U.S. v. Ruiz, 536 U.S. 622, 633 (2002).

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include <u>in camera</u> review and/or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure. <u>See, e.g.</u>, <u>U.S. v. Kiszewski</u>, 877 F.2d 210, 216 (2d Cir. 1989).

If the Government fails to comply with this Court's Rule 5(f) Order or the obligations imposed by <u>Brady</u> and its progeny, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose sanctions on any responsible lawyer for the Government;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

SO ORDERED.

Dated: New York, New York
October 8, 2025

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge